IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HARDY STORAGE COMPANY, LLC,**

    **Plaintiff,**

v.         //     CIVIL ACTION NO. 2:06CV7
                (Judge Keeley)

**AN EASEMENT TO CONSTRUCT,
OPERATE AND MAINTAIN 12-INCH
AND 20-INCH GAS TRANSMISSION
PIPELINES ACROSS PROPERTIES
IN HARDY COUNTY, WEST VIRGINIA,
ET AL,**

    **Defendants.**

//

**HARDY STORAGE COMPANY, LLC,**

    **Plaintiff,**

v.         //     CIVIL ACTION NO. 2:07CV5
                (Judge Keeley)

**PROPERTY INTERESTS NECESSARY TO
CONDUCT GAS STORAGE OPERATIONS
IN THE ORISKANY SANDSTONE
SUBTERRANEAN GEOLOGICAL FORMATION
BENEATH PROPERTIES LOCATED IN HARDY
AND HAMPSHIRE COUNTIES, ET AL.,**

    **Defendants.**

### MEMORANDUM OPINION/ORDER DENYING MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANT LEON COMBS

On September 29, 2008, pro se defendant Leon Dalton Combs ("Combs") filed a motion for summary judgment against the

**HARDY STORAGE CO. v. AN EASEMENT, ET AL.**                    **2:06CV7**
**HARDY STORAGE CO. v. PROPERTY INTERESTS, ET AL.**           **2:07CV5**

**MEMORANDUM OPINION/ORDER DENYING MOTION FOR**
**SUMMARY JUDGMENT FILED BY DEFENDANT LEON COMBS**

plaintiff, Hardy Storage Company LLC ("Hardy"), seeking "just compensation" for the takings in these cases. Specifically, he alleges that he is due $12,500 for the condemnation in case number 2:06cv7, and $16,000 for the condemnation in case number 2:07cv5. Hardy filed a response on October 14, 2008, in which it urged the Court to deny the motion. Then, on October 29, 2008, Combs filed a document entitled "Evidentiary Support to Defendants Motion for Summary Judgment," to which Hardy replied on November 17, 2008.

After reviewing the briefings and exhibits, the Court concludes that a genuine issue of material fact exists as to the appropriate amount of just compensation due in these cases, and therefore **DENIES** Combs's motion for summary judgment (Civ. No. 2:06cv7, dkt. no. 135; Civ. No. 2:07cv5, dkt. no. 292).

### I. BACKGROUND

These cases originally arose as property condemnation actions. Hardy, a "natural gas company" within the meaning of the Natural Gas Act, 15 U.S.C. § 717a(6), operates an underground gas storage field and numerous gas transmission pipelines. Following approval by the Federal Energy Regulatory Commission, Hardy filed civil action number 2:06cv7 in order to condemn property necessary for the construction and maintenance of interstate gas pipelines and

**HARDY STORAGE CO. v. AN EASEMENT, ET AL.**                   **2:06CV7**
**HARDY STORAGE CO. v. PROPERTY INTERESTS, ET AL.**        **2:07CV5**

**MEMORANDUM OPINION/ORDER DENYING MOTION FOR**
**SUMMARY JUDGMENT FILED BY DEFENDANT LEON COMBS**

associated appurtenances in Hardy County, West Virginia. A year later, Hardy filed civil action 2:07cv5, seeking to condemn property interests necessary for natural gas storage operations in the Hardy Storage Field, located in Hardy and Hampshire counties, in West Virginia.

Combs is a partial owner of several tracts of land at issue in each case. Specifically, in civil action number 2:06cv7, Combs owns a one-fifth interest in 0.75 acres of a permanent easement and a one-fifth interest in 1.12 acres of a temporary easement. These rights-of-way are needed for the construction of a new gas pipeline and the replacement of another pipeline. In civil action number 2:07cv5, Combs owns a one-fifth interest in two tracts of land, one totaling 121 acres and the other totaling 38.75 acres, for which Hardy has condemned underground storage rights.

On April 12, 2006 and March 28, 2007, the Court granted Hardy's motion for partial summary judgment in 2:06cv7 and 2:07cv5 respectively, thereby granting Hardy the property rights to the condemned property in each case. Thus, the only remaining issue in either case is the amount of just compensation due for the takings.

**HARDY STORAGE CO. v. AN EASEMENT, ET AL.**                         **2:06CV7**
**HARDY STORAGE CO. v. PROPERTY INTERESTS, ET AL.**              **2:07CV5**

**MEMORANDUM OPINION/ORDER DENYING MOTION FOR**
**SUMMARY JUDGMENT FILED BY DEFENDANT LEON COMBS**

## II. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, a court may grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In making this determination, the Court must view the evidence presented in the light most favorable to the nonmoving party. Matsushita Elec. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

## III. ANALYSIS

In his motion for summary judgment, Combs first argues that Hardy has failed to disclose evidence showing that it made pre-litigation offers of settlement, which he argues Hardy was required to file as a prerequisite to the instant condemnation actions. Rather than seek dismissal of the actions altogether for this alleged failure, however, Combs instead asserts that the Court should enter summary judgment in his favor in the amount of $12,500.00 in case number 2:06cv7 and $16,000 in case number 2:07cv5. Combs alleges that these figures represent the just compensation he is due for the property that Hardy has condemned.

4

**HARDY STORAGE CO. v. AN EASEMENT, ET AL.**                     **2:06CV7**
**HARDY STORAGE CO. v. PROPERTY INTERESTS, ET AL.**           **2:07CV5**

**MEMORANDUM OPINION/ORDER DENYING MOTION FOR**
**SUMMARY JUDGMENT FILED BY DEFENDANT LEON COMBS**

### A. Pre-Litigation Offer of Compensation

Combs contends that Hardy has failed to produce evidence during the course of discovery proving that it made an offer of settlement to Combs prior to filing the condemnation action. He argues that Hardy should not be permitted to argue the amount of just compensation due in these cases, "when it has not fulfilled it[s] right to file for condemnation." He indicates that if proof of such offers is tendered by Hardy, he will withdraw his motion for summary judgment and accept settlement. If no such proof is provided, however, then he moves for summary judgment for what he alleges to be just compensation in each case.

Although Combs cites no legal basis for his argument that Hardy must prove that it made a pre-litigation offer of settlement, it appears that he is relying on West Virginia eminent domain law. Hardy, however, brought these cases pursuant to the federal Natural Gas Act, 15 U.S.C. § 15B, <u>et seq.</u> Although that Act, at 15 U.S.C. § 717f(h), provides that procedures for condemnation "shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated," the Fourth Circuit has held that the passage of Rule 71A of the Federal Rules of Civil Procedure (now Rule 71.1),

5

**HARDY STORAGE CO. v. AN EASEMENT, ET AL.**                   **2:06CV7**
**HARDY STORAGE CO. v. PROPERTY INTERESTS, ET AL.**        **2:07CV5**

**MEMORANDUM OPINION/ORDER DENYING MOTION FOR
SUMMARY JUDGMENT FILED BY DEFENDANT LEON COMBS**

repealed that provision of the Natural Gas Act. See Eastern Tenn. Natural Gas Co. v. Sage, 361 F.3d 808, 822 (4th Cir. 2004) (recognizing that the "state procedure" requirement of the Natural Gas Act, 15 U.S.C. § 717f(h), has been superseded by Rule 71A). Thus, in condemnation actions brought pursuant to the Natural Gas Act, federal district courts now follow the federal procedures for condemning real or personal property established in Rule 71.1, rather than state procedures.

Rule 71.1, which governs the instant actions, does not require that a plaintiff seeking condemnation make a pre-litigation offer of settlement before filing suit. Combs's argument, therefore, that Hardy has failed to submit proof of such offer, is without merit.

More importantly, Combs appears to be attacking Hardy's authority to condemn the property at issues in these cases. This Court has already entered an order of partial summary judgment in each case granting Hardy the right to possess the condemned property, and thus, as noted earlier, the only remaining issue is the amount of just compensation due. This Court addressed objections from various defendants, including Combs, at the time it entered orders of partial summary judgment. Combs, therefore, may

6

**HARDY STORAGE CO. v. AN EASEMENT, ET AL.**　　　　　　　　　　**2:06CV7**
**HARDY STORAGE CO. v. PROPERTY INTERESTS, ET AL.**　　　　　**2:07CV5**

**MEMORANDUM OPINION/ORDER DENYING MOTION FOR**
**SUMMARY JUDGMENT FILED BY DEFENDANT LEON COMBS**

not attempt to retroactively attack those decisions now. Furthermore, because the (non)existence of pre-litigation offers of settlement is irrelevant to the sole remaining issue in this case, that is, the appropriate amount of just compensation, the Court denies this basis for Combs's motion for summary judgment.

**B.　Just Compensation for the Takings in these Cases**

Just compensation "means the full and perfect equivalent in money of the property taken," which the United States Supreme Court has interpreted as meaning the fair market value of the lands sought to be condemned. U.S. v. Miller, 317 U.S. 369, 373 (1943). It is Combs, as the property owner, who bears the burden of proving the fair market value at trial. See U.S. ex rel. and for Use of Tennessee Valley Authority v. Powelson, 319 U.S. 266, 273-74 (1943).

In cases such as these, in which the takings are "partial takings," rather than complete takings, "the measure of just compensation is the difference between the fair and reasonable market value of the land immediately before the taking and the fair and reasonable market value of the portion that remains after the taking." U.S. v. Banisadr Bldg. Joint Venture, 65 F.3d 374, 378 (4th Cir. 1995). This same test applies when the taking is merely

7

an easement. See U.S. v. Payne, 368 F.2d 74, 76-77 (4th Cir. 1966). In order to prevail on summary judgment, therefore, Combs must, by appropriate admissible evidence, establish the fair market value of his property before and after the takings, and demonstrate that there is no genuine issue of material fact in dispute as to that amount.

### 1. Alleged Just Compensation

In his motion for summary judgment, Combs alleges dollar values that he believes to be just compensation for his property in this case; however, he provides no explanation describing how he reached those figures, nor does he even allege that the amount constitute "fair market value" for the takings. In its response, Hardy points out this evidentiary failure and argues that Combs's motion must be denied due to the insufficient evidentiary basis.

After receiving Hardy's response to his motion for summary judgment, Combs filed a document entitled "Evidentiary Support to Defendant's Motion for Summary Judgment" in which he explains the figures that he provided in his summary judgment motion. Specifically, to reach the amount of compensation that he alleges is due in case number 2:06cv7, he relies primarily on assessments by a "Senior Land Agent" from 2006. Although Combs does not

8

**HARDY STORAGE CO. v. AN EASEMENT, ET AL.**         **2:06CV7**
**HARDY STORAGE CO. v. PROPERTY INTERESTS, ET AL.**     **2:07CV5**

**MEMORANDUM OPINION/ORDER DENYING MOTION FOR
SUMMARY JUDGMENT FILED BY DEFENDANT LEON COMBS**

identify who this "Senior Land Agent" is, or explain how he reached these estimates, Hardy, in its reply brief, asserts that these are, in fact, estimates made by a Hardy land agent, which were given to Combs in the context of a settlement offer for the pipeline right-of-way.

Without further explanation, other than that the figures are assessments by a Senior Land Agent, Combs contends that he should receive $3,150.00 for the permanent additional right-of-way, $6,581.79 for "temporary use of rights," and $808.49 for "temporary access."

Combs additionally alleges that he is owed $13,105.40 in just compensation for the loss of 259 trees on the property. He reaches this figure by considering estimates from the American Forestry Association, the Arbor Day Foundation, and the United States Department of Agriculture ("USDA") Forest Service regarding the worth of trees in terms of their environmental benefits. Specifically, he provides dollar values for various benefits provided by trees, including the soil erosion control, wildlife shelter, air pollution reduction, and generation of oxygen and water, and concludes that he should be paid $253.00 per tree that is lost on his land.

**HARDY STORAGE CO. v. AN EASEMENT, ET AL.**                  **2:06CV7**
**HARDY STORAGE CO. v. PROPERTY INTERESTS, ET AL.**        **2:07CV5**

**MEMORANDUM OPINION/ORDER DENYING MOTION FOR**
**SUMMARY JUDGMENT FILED BY DEFENDANT LEON COMBS**

     Turning to the just compensation due in case number 2:07cv5, Combs alleges that the fair market value of the property can be determined by considering comparable sales of easements for underground storage in the same area. Here, Combs uses an unrelated lease agreement from 2005 in which Columbia Gas Transmission Company ("Columbia Gas") agreed to pay a third party $4.00 dollars an acre per year as an "acreage rental" payment. Combs estimates the worth of the condemned storage rights in this case by calculating $5.00 an acre for 100 years. He explains that, although the condemnation in this case is "forever," he was unable to calculate an amount using that indefinite time frame, and thus chose 100 years. Moreover, he estimated that $5.00 a year, rather than $4.00, is a fair estimate given inflation. He notes that in 1962, the price paid per acre was a mere $2.00.

     In its reply to Combs's evidentiary support, Hardy argues that the evidence of just compensation submitted by Combs fails to meet the standards required for proving fair market value. In addition, it points out that Combs has presented estimates of just compensation for the <u>entire</u> property interests taken, despite the fact that he owns only a one-fifth interest in each property

10

**HARDY STORAGE CO. v. AN EASEMENT, ET AL.**                      **2:06CV7**
**HARDY STORAGE CO. v. PROPERTY INTERESTS, ET AL.**             **2:07CV5**

**MEMORANDUM OPINION/ORDER DENYING MOTION FOR
SUMMARY JUDGMENT FILED BY DEFENDANT LEON COMBS**

condemned. Thus Hardy argues that, even if the Court accepted his estimates, he would not be entitled to the full amount claimed.

### 2. Fair Market Value Analysis

As already stated, in order to prevail on summary judgment on the issue of just compensation in case 2:06cv7, which includes both permanent and temporary easements for gas pipelines, Combs must establish the difference between the fair market value of the land before and after the easements. Similarly, for the property at issue in case number 2:07cv5, Combs must establish the diminution, if any, in the fair market value of the property after the condemnation of the underground storage. Finally, as Hardy contends, it is undisputed that Combs retains only a one-fifth interest in the property, and thus his share of the total just compensation must be reduced accordingly.

Combs, however, has failed to present any evidence on which the Court can rely in determining just compensation in this case. Even considering the "Evidentiary Support" which he belatedly filed, Combs has not provided documentation of the fair market value of his property before the takings. Although he provides dollar amounts that he contends are a Senior Land Agent's assessment of the just compensation, he provides no documentation

of who that Land Agent is, or how those amounts were reached. Moreover, if, as Hardy contends, those figures are drawn from a settlement offer made by its land agent, then the figures are inadmissible under the Federal Rules of Evidence. See Fed. R. Evid. 408; Coakley & Williams Const., Inc. v. Structural Concrete Equipment, Inc., 973 F.2d 349, 353 (4th Cir. 1992) (noting that settlement offers are inadmissible when offered to prove damages).

Likewise, Combs's estimates regarding the environmental worth of the "tree loss" on the property do not establish the fair market value of those trees. Accordingly, Combs has failed to establish the fair market value for the property condemned in case number 2:06cv7.

For the takings in case number 2:07cv5, Combs asserts that the fair market value is $16,000, which he reaches by using a dollar amount per acre based on a lease agreement between two unrelated parties in 2005. Once again, Combs fails to meet his burden of proof. First, he provides no estimate of the fair market value for his property prior to Hardy's condemnation of the underground natural gas storage fields. Significantly, Combs has failed to present any evidence that the value of his property depreciated as a result of that condemnation. Moreover, even assuming that some

depreciation in value did occur, this Court cannot rely on a 2005 lease agreement between unrelated parties for "acreage rental" as an estimate of the fair market value per acre of the taking in this case. Accordingly, Combs has failed to establish the just compensation for the property in case number 2:07cv5 as well.

### IV.  CONCLUSION

Because a genuine issue of material fact exists as to what constitutes just compensation in these cases, the Court **DENIES** Combs's motion for summary judgment (civ. no. 2:06cv7, dkt. no. 135; civ. No. 2:07cv5, dkt. no. 292).

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record and to the pro se defendants, by certified mail, return receipt requested.

DATED: February 6, 2009.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE